**WAJDA LAW GROUP, APC**
Nicholas M. Wajda (State Bar No. 259178)
6167 Bristol Parkway
Suite 200
Culver City, California 90230
Telephone: 310-997-0471
Facsimile: 866-286-8433
E-Mail: nick@wajdalawgroup.com
*Attorney for the Plaintiff*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| BRIAN DAVIS,<br><br>              Plaintiff,<br><br>     v.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC,<br><br>              Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT PURSUANT TO 15 U.S.C. § 1692, et seq.**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

**NOW COMES**, BRIAN DAVIS ("Plaintiff"), by and through his counsel, Nicholas M. Wajda, and asserts the following claims against PORTFOLIO RECOVERY ASSOCIATES, LLC ("Defendant"), as follows:

### I.   Parties, Jurisdiction and Venue

1.      Plaintiff is a resident of Bakersfield, California and brings this action seeking redress for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq.

2.      Defendant is a Delaware corporation, headquartered in Norfolk, Virginia, and authorized to conduct business in this state.

1

3.      Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6). Defendant purchases defaulted consumer debts and it principal purpose is the purchase and collection of defaulted debts.

4.      Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in this District, Plaintiff resides in this District, and a substantial portion of the events or omissions giving rise to the claims occurred within this District.

**II. Facts Supporting Cause of Action**

5.      After experiencing personal hardships, Plaintiff defaulted on a credit card issued by Capital One Bank (USA), N.A. (the "Subject Debt").

6.      Plaintiff is a "consumer" as defined by § 1692a(3) of the FDCPA because the Subject Debt was for Plaintiff's personal and household use.

7.      After Plaintiff defaulted on the Subject Debt, Capital One Bank (USA), N.A., the Subject Debt was eventually sold by Capital One Bank (USA), N.A. and purchased by Defendant.

8.      Defendant mailed a collection letter to Plaintiff in an attempt to collect the Subject Debt (the "Collection Letter").

9.      The Collection Letter states "[t]his communication is from a debt collector and is an attempt to collect a debt."

10.     The Collection Letter was dated August 16, 2018, but as discussed in the following section, the Collection Letter was not mailed by Defendant or any third-party vendor on that date.

11.     The Collection Letter identified an "Account Number" and listed Capital One Bank (USA), N.A. as both the "Seller" and the "Original Creditor" of the Subject Debt.

12.     The Collection Letter identified Portfolio Recovery Associates, LLC as the "Creditor to Whom Debt is Owed".

13.     The Collection Letter listed a "Balance" of $983.60.

14.   A picture depicting the Collection Letter is depicted below:



## Portfolio Recovery Associates, LLC

08/16/2018

Dear BRIAN DAVIS,

### We know life happens.
Every day Portfolio Recovery Associates, LLC works with people to resolve their debt. We would love to do the same for **YOU**.

Sincerely,
PORTFOLIO RECOVERY ASSOCIATES, LLC

**Account Details**
Account Number:
Seller: CAPITAL ONE BANK (USA) N.A.
Original Creditor: CAPITAL ONE BANK (USA) N.A.
Creditor to Whom Debt is Owed: PORTFOLIO RECOVERY ASSOCIATES, LLC
Balance: $983.60

**Account Offers**

**Pay the Full Balance**
- 1 Payment of $983.60
- 6 Monthly Payments of $163.93*
- 12 Monthly Payments of $81.96*

Your account will be considered "Paid in Full" after your final payment is successfully posted.

**OR**

**Choose a Savings Plan**
- 1 Payment(s) of $590.16 and SAVE $393.44*
- Pay $199.68 for 3 consecutive months and SAVE $384.56*
- Pay $100.96 for 6 consecutive months and SAVE $377.84*

The savings will be applied to the balance and your account will be considered "Settled in Full" after your final payment is successfully posted.

Your first payment must be received by: 09/17/2018
*We are not obligated to renew this offer.

**Contact Us**

Visit us online at:
www.PRApay.com

Call Toll - Free 1-800-772-1413 to discuss your account with us.

Portfolio Recovery Associates, LLC
P.O. Box 12914
Norfolk VA 23541

The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it. If you do not pay the debt, Portfolio Recovery Associates, LLC may continue to report it to the credit reporting agencies as unpaid for as long as the law permits this reporting. Depending on the laws of your state, certain actions, such as making a payment or promising to pay the debt, may restart the time period for the filing of a lawsuit against you; but even if that were the case, we still will not sue you on this debt.

This communication is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose.

15.   On information and belief, the Collection Letter may contain a payment stub below the last line of words depicted in the above image.

16.    The Collection Letter provided Plaintiff with the option of "Pay[ing] the Full Balance in "**1 Payment of** $983.60, "**6 Monthly Payments of** $163.93*", or "**12 Monthly Payments of** $81.96*".

17.    If Plaintiff paid the full balance of $983.60 under any of the three options listed above, the Collection Letter stated that his "account will be considered 'Paid in Full' after your final payment is successfully posted."

18.    The Collection Letter provided Plaintiff with the option of paying down the debt of through a "Savings Plan" which was broken down into three (3) payment options.

19.    The first savings plan option indicated that Plaintiff could make one (1) payment of $590.16 and "**SAVE $393.44***".

20.    The second savings plan option indicated that Plaintiff could make three (3) consecutive monthly payments of $199.68 to "**SAVE $384.56***", resulting in a total payment amount of $599.04.

21.    The second savings plan option indicated that Plaintiff could make three (3) consecutive monthly payments of $199.68 to "**SAVE $384.56***", resulting in a total payment amount of $599.04.

22.    The three (3) identified savings plan amounts were written in red ink on the face of the Collection Letter.

23.    The asterisk ("*") reflected after each of the three (3) identified savings plan proposals and two (2) the full balance options lead to the phrase "**We are not obligated to renew this offer**."

24.    The Collection Letter stated that "**Your first payment must be received by: 09/17/2018**".

4

25.     The Collection Letter contains the following language below where the Collection Letter identified where to visit Defendant to make a payment  and how to contact Defendant by phone or mail:

> The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it. IF you do not pay the debt, Portfolio Recovery Associates, LLC may continue to report it to the credit reporting agencies as unpaid for as long as the law permits this reporting. Depending on the laws of your state, certain actions, such as making a payment or promising to pay the debt, may restart the time period for the filing of a lawsuit against you; but even if that were the case, we will not sue you on this debt.

(hereafter the "Time-Barred Debt Disclosure Language").

26.     The Time-Barred Debt Disclosure Language is depicted in the below image:



27.     On or about September 8, 2018, Defendant reported the Subject Debt to Equifax in an amount of $984.

28.     Under California law, the statute of limitations for collecting credit card debt is four years.

29.     The last payment toward the Subject Debt took place occurred at least four years prior to August 16, 2018.

30.     As of August 16, 2018, Defendant believed that the last payment date towards the Subject Debt took place more than four years prior to August 16, 2018.

31.     As of August 16, 2018, Defendant believed that the date of first delinquency of the Subject Debt took place more than four years prior to August 16, 2018.

32.     On August 16, 2018, Defendant represented to Plaintiff that Subject Debt was older than four years old because the Collection Letter informed Plaintiff, "because of the age of your debt, we will not sue you for it."

33.     Based upon what was stated on the face of the Collection Letter, the last payment made toward the Subject Debt had to have taken place prior to August 16, 2014.

34.     Defendant, however, reported to Equifax that the "Date of First Delinquency" for the Subject Debt was March 1, 2015.

35.     Plaintiff's Equifax credit report of September 21, 2018, states that the "Date of First Delinquency" for the Subject Debt was March 1, 2015.

36.     A true and accurate portion of Plaintiff's Equifax credit report of September 21, 2018, which identifies the Subject Debt is depicted below:



6

37.     Defendant reported to Equifax that Defendant had opened an account associated with the Subject Debt on October 21, 2016.

38.     Plaintiff's Equifax credit report of September 21, 2018, states that the Defendant's account associated with the Subject Debt was "Opened" on October 21, 2016.

39.     Plaintiff's Equifax credit report of September 21, 2018, states that the "delinquency" of Subject Debt was "First Reported" to Equifax by Defendant on January 1, 2017.

40.     Defendant first reported the subject debt to Equifax on January 1, 2017.

41.     Defendant informed Equifax that the "Creditor Classification" for the Subject Debt was "BANKING".

42.     Alternatively, Defendant provided information to Equifax regarding the Subject Debt which led Equifax to identify the "Creditor Classification" for the Subject Debt as involving "BANKING".

43.     On information and belief, Defendant falsely reported to Equifax on September 8, 2018, that the "Date of First Delinquency" for the Subject Debt was March 1, 2015, when the date of the first delinquency took place on an earlier date, because account information obtained from the original creditor for the Subject Debt should have reported an older date of first delinquency.

44.     Further, Defendant knew or should have known that the disclosing to any credit reporting agency that the "Date of First Delinquency" for the Subject Debt was March 1, 2015, would have undermined the validity of the Time-Barred Debt Disclosure Language and rendered it in applicable to the Subject Debt in relation to the purported date of the Collection Letter.

45.     If Defendant reported to Equifax that March 1, 2015, was the date of the first delinquency of the Subject Debt, the Subject Debt would not be time-barred under California law as of August 16, 2018.

7

46.    If Defendant reported to Equifax that March 1, 2015, was the date of the first delinquency of the Subject Debt, the Subject Debt would not be time-barred under California law until after March 1, 2019.

47.    The Collection Letter incorrectly, falsely and misleadingly informed Plaintiff that the Subject Debt was time-barred as August 16, 2018.

48.    Alternatively, on September 8, 2018, Defendant falsely reported to Equifax that the "Date of First Delinquency" for the Subject Debt was March 1, 2015.

49.    The Time-Barred Debt Disclosure Language should not have been included on the Collection Letter if the statute of limitations has not expired on the subject debt.

50.    The Time-Barred Debt Disclosure Language did not disclose to Plaintiff that a partial payment could serve to restart the statute of limitations upon which to sue Plaintiff if the "Date of First Delinquency" for the Subject Debt was March 1, 2015.

51.    If Defendant falsely reported to Equifax on September 8, 2018, that the "Date of First Delinquency" for the Subject Debt was March 1, 2015, when the date of the first delinquency took place on an earlier date, Defendant falsely reported the Subject Debt in this manner to allow Defendant to re-age the debt to provide it with a longer time period in which to credit report the Subject Debt, and in doing so Defendant violated Sections 1692e, 1692e(2)(A), 1692e(10) and 1692f of the FDCPA.

52.    A falsely reported the "Date of First Delinquency" is a material piece of credit information.

53.    A falsely reported the "Date of First Delinquency" in conjunction with the use of Time-Barred Debt Disclosure Language is a material misrepresentation where the true date of the Subject Debt's first delinquency can impact whether the Subject Debt is truly time-barred.

8

54.     A falsely reported the "Date of First Delinquency" in conjunction with the use of Time-Barred Debt Disclosure Language is a material misrepresentation where the true date of the Subject Debt's first delinquency can impact whether the Subject Debt is truly time-barred and could influence a consumer's decision to pay or not pay a debt.

**III.   The Collection Letter Was Not Mailed to Plaintiff on August 16, 2018**

55.     When Defendant contacts debtors by way of collect letters, the envelopes that are used to mail the letters are not stamped with a mailing date by and through a postage meter.

56.     As a general matter, some debt collectors mail out collect letters days or weeks after the printed date on the face of the letter.

57.     Debt collectors mail out collect letters days or weeks after the printed date on the face of the letter to shorten the time period that a debtor has to respond to a settlement offer or settlement offers that are subject to an expiration date.

58.     August 16, 2018, fell on a Wednesday.

59.     Upon information and belief, the Collection Letter was not mailed to Plaintiff on August 16, 2018.

60.     Rather, pursuant to industry practice wherein collection letters are printed by third-party vendors and mailed days or weeks after the date printed on any given collection letter, the Collection Letter was not mailed to Plaintiff on August 16, 2018.

61.     Further, based upon the time-period in which the Collection Letter was received by Plaintiff, the Collection Letter was not mailed to Plaintiff on August 16, 2018.

62.     To the best of Plaintiff's recollection, the Collection letter was received by Plaintiff more than one week after August 16, 2018.

63.     On information and belief, the Collection Letter was not mailed to Plaintiff on August 16, 2018, to purposefully shorten the time period that Plaintiff had to respond to a settlement offers listed on the Collection Letter.

64.     If the Collection Letter was not mailed to Plaintiff on August 16, 2018, and was mailed up to a week after August 16, 2018, the actual mailing improperly and materially shortened the time period that Plaintiff had to respond to a settlement offers listed on the Collection Letter.

65.     On information and belief, Defendant mailed over forty (40) form collection letters similar to the one sent to Plaintiff to residents of California where the collection letters were mailed over a week after their identified date.

## IV.   Causes of Action

### Count I – Individual Claim for Violation of Section 1692e

66.     Plaintiff incorporates the above Paragraphs as if fully set forth within this Count.

67.     Defendant violated Section 1692e of the FDCPA.

68.     The Time-Barred Debt Disclosure Language violates Section 1692e of the FDCPA and constitutes a "false, deceptive, or misleading representation or means in connection with the collection of [a] debt" because Time-Barred Debt Disclosure Language did not disclose to Plaintiff that a partial payment could serve to restart the statute of limitations upon which to sue Plaintiff if the "Date of First Delinquency" for the Subject Debt was March 1, 2015.

69.     Defendant's violation of Section 1692e of the FDCPA was material because the Time-Barred Debt Disclosure Language improperly influenced Plaintiff's payment options and failed to properly explain Plaintiff's rights to him.

70.     Further, Defendant's false reporting of the "Date of First Delinquency" allowed Defendant to re-age the Subject Debt and mischaracterized the age of the Subject Debt relative to the running of the statute of limitations upon which it could sue Plaintiff for the Subject Debt.

**Wherefore**, Plaintiff, BRIAN DAVIS, respectfully requests that this Honorable Court enter judgment in his favor and against Defendant as follows:

    a.    Declaring that the practices complained of above are unlawful and violate Section 1692e of the FDCPA;

    b.    Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A); and

    c.    Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3).

**Count II – Individual Claim for Violation of Section 1692e(2)(A)**

71.    Plaintiff incorporates the above Paragraphs as if fully set forth within this Count.

72.    Defendant violated Section 1692e(2)(A) of the FDCPA.

73.    If Defendant falsely reported to Equifax on September 8, 2018, that the "Date of First Delinquency" for the Subject Debt was March 1, 2015, when the date of the first delinquency took place on an earlier date, Defendant's report to Equifax constitutes a "false representation of . . . the character [and] legal status of" the Subject Debt in violation of Section 1692e(2)(A) of the FDCPA.

74.    The Time-Barred Debt Disclosure Language constitutes a "false representation of . . . the character [and] legal status of" the Subject Debt in violation of Section 1692e(2)(A) of the FDCPA because Time-Barred Debt Disclosure Language did not disclose to Plaintiff that a partial payment could serve to restart the statute of limitations upon which to sue Plaintiff if the "Date of First Delinquency" for the Subject Debt was March 1, 2015.

75.    Defendant's violation of Section 1692e(2)(A) of the FDCPA was material because the Time-Barred Debt Disclosure Language improperly influenced Plaintiff's payment options and failed to properly explain Plaintiff's rights to him.

11

76.     Further, Defendant's false reporting of the "Date of First Delinquency" allowed Defendant to re-age the Subject Debt and mischaracterized the age of the Subject Debt relative to the running of the statute of limitations upon which it could sue Plaintiff for the Subject Debt.

**Wherefore**, Plaintiff, BRIAN DAVIS, respectfully requests that this Honorable Court enter judgment in his favor and against Defendant as follows:

> a.  Declaring that the practices complained of above are unlawful and violate Section 1692e(2)(A) of the FDCPA;
>
> b.  Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A); and
>
> c.  Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3).

**Count III – Individual Claim for Violation of Section 1692e(8)**

77.     Plaintiff incorporates the above Paragraphs as if fully set forth within this Count.

78.     Defendant violated Section 1692e(8) of the FDCPA.

79.     If Defendant falsely reported to Equifax on September 8, 2018, that the "Date of First Delinquency" for the Subject Debt was March 1, 2015, when the date of the first delinquency took place on an earlier date, Defendant's report to Equifax constitutes the communication of "credit information" that it knew or should have known "to be false" in violation of Section 1692e(8) of the FDCPA.

80.     Defendant's violation of Section 1692e(8) of the FDCPA was material because Defendant's false reporting of the "Date of First Delinquency" allowed Defendant to re-age the Subject Debt and mischaracterized the age of the Subject Debt relative to the running of the statute of limitations upon which to sue for the Subject Debt.

**Wherefore**, Plaintiff, BRIAN DAVIS, respectfully requests that this Honorable Court enter judgment in his favor and against Defendant as follows:

12

a.  Declaring that the practices complained of above are unlawful and violate Section 1692e(8) of the FDCPA;

b.  Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A); and

c.  Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3).

**Count IV – Individual Claim for Violation of Section 1692e(10)**

81.     Plaintiff incorporates the above Paragraphs as if fully set forth within this Count.

82.     Defendant violated Section 1692e(10) of the FDCPA.

83.     If Defendant falsely reported to Equifax on September 8, 2018, that the "Date of First Delinquency" for the Subject Debt was March 1, 2015, when the date of the first delinquency took place on an earlier date, then Defendant's use of the Time-Barred Debt Disclosure Language constitutes"[t]he use of any false representation or deceptive means to collect or attempt to collect a[] debt" in violation of Section 1692e(10) of the FDCPA.

84.     The Time-Barred Debt Disclosure Language violates Section 1692e(10) of the FDCPA and constitutes a "false representation of deceptive means to collect or attempt to collect" the Subject Debt because Time-Barred Debt Disclosure Language did not disclose to Plaintiff that a partial payment could serve to restart the statute of limitations upon which to sue Plaintiff if the "Date of First Delinquency" for the Subject Debt was March 1, 2015.

85.     Defendant's violation of Section 1692e(10) of the FDCPA was material because the Time-Barred Debt Disclosure Language improperly influenced Plaintiff's payment options and failed to properly explain Plaintiff's rights to him.

86.     Further, Defendant's false reporting of the "Date of First Delinquency" allowed Defendant to re-age the Subject Debt and mischaracterized the age of the Subject Debt relative to the running of the statute of limitations upon which it could sue Plaintiff for the Subject Debt.

**Wherefore**, Plaintiff, BRIAN DAVIS, respectfully requests that this Honorable Court enter judgment in his favor and against Defendant as follows:

      a.   Declaring that the practices complained of above are unlawful and violate Section 1692e(10) of the FDCPA;

      b.   Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A); and

      c.   Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3).

**Count V – Individual Claim for Violation of Section 1692f**

87.    Plaintiff incorporates the above Paragraphs as if fully set forth within this Count.

88.    Defendant violated Section 1692f of the FDCPA.

89.    If Defendant falsely reported to Equifax on September 8, 2018, that the "Date of First Delinquency" for the Subject Debt was March 1, 2015, when the date of the first delinquency took place on an earlier date, then Defendant's use of the Time-Barred Debt Disclosure Language constitutes an "unfair or unconscionable means to collect or attempt to collect" the Subject Debt in violation of Section 1692f of the FDCPA.

90.    The Time-Barred Debt Disclosure Language constitutes an "unfair or unconscionable means to collect or attempt to collect" the Subject Debt in violation of Section 1692f of the FDCPA because Time-Barred Debt Disclosure Language did not disclose to Plaintiff that a partial payment could serve to restart the statute of limitations upon which to sue Plaintiff if the "Date of First Delinquency" for the Subject Debt was March 1, 2015

91.    Defendant's violation of Section 1692f of the FDCPA was material because the Time-Barred Debt Disclosure Language improperly influenced Plaintiff's payment options and failed to properly explain Plaintiff's rights to him.

**Wherefore**, Plaintiff, BRIAN DAVIS, respectfully requests that this Honorable Court enter judgment in his favor and against Defendant as follows:

14

  a. Declaring that the practices complained of above are unlawful and violate Section 1692f of the FDCPA;

  b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A); and

  c. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3).

**V. Class Action Claims**

92. Plaintiff can satisfy the elements of Federal Rule of Civil Procedure 23.

93. Plaintiff seeks to represent putative class members in the State of California and/or in this judicial District.

94. Plaintiff and his counsel will fairly, adequately and vigorously represent and protect the interests of the proposed class members and has/have no interest antagonistic to those of the putative classes.

95. There are no defenses unique to Plaintiff.

96. On information and belief, Defendant violated Sections 1692e, 1692e(2)(A), 1692e(8), 1692e(10) and 1692f of the FDCPA by transmitting collection letters to more than forty (40) California residents where the collection letters sent to the putative class members contained Time-Barred Debt Disclosure Language and Defendant misreported the "Date of First Delinquency" for each debt to any credit reporting agency as having occurred less than four (4) years from the date of each collection letter.

97. Plaintiff's claims are typical of the claims of the proposed class members.

98. There are questions of law and fact common to the claims of Plaintiff and members the proposed class members.

99. Plaintiff and the proposed class members' claims all arise from the same operative facts and are based on the same causes of action set forth above.

15

100.   A class action is an appropriate method for the fair and efficient adjudication of this controversy, and superior to other available methods for the fair and efficient adjudication of this controversy.

101.   Common questions of law and fact enumerated above predominate over questions affecting only individual Class members.

102.   Joinder of all members of the Class is impracticable.

103.   The likelihood that individual Class members will prosecute separate actions is remote due to the extensive time and considerable expense necessary to conduct such litigation, as well as the absence of a fee shifting mechanism.

104.   As such, the expense and burden of individual litigation would make it impracticable for proposed Class members to prosecute their claims individually.

**Count VI – Class Action Claim for Violation of Section 1692e**

105.   Plaintiff incorporates the above Paragraphs and Count I as if fully set forth within this Count.

106.   The Time-Barred Debt Disclosure Language violates Section 1692e of the FDCPA and constitutes a "false, deceptive, or misleading representation or means in connection with the collection of [a] debt" because Time-Barred Debt Disclosure Language did not disclose to the proposed class members that a partial payment could serve to restart the statute of limitations upon which to sue them if the "Date of First Delinquency" for their debt was improperly reported as taking place less than four (4) years from the date of each class members' collection letter..

107.   Defendant's violation of Section 1692e of the FDCPA was material because the Time-Barred Debt Disclosure Language improperly influenced the proposed class members' payment options and failed to properly explain Plaintiff's rights to him.

16

108.   Further, Defendant's false reporting of the "Date of First Delinquency" allowed Defendant to re-age the Subject Debt and mischaracterized the age of the Subject Debt relative to the running of the statute of limitations upon which it could sue proposed class members for the Subject Debt.

109.   The proposed class members can be defined as:

> All to residents of California [or this judicial district], who were mailed a form collection letter similar to the one sent to Plaintiff, within one year of the filing of this lawsuit, where Defendant used the Time-Barred Debt Disclosure Language and the "Date of First Delinquency" for each subject debt was falsely or inaccurately reported to any credit reporting agency by Defendant as having occurred less than four years prior to the dated identified on each class members' collection letters.

**Wherefore**, Plaintiff, BRIAN DAVIS, respectfully requests that this Honorable Court enter judgment in his favor and against Defendant as follows:

    a.   Declaring that the practices complained of above are unlawful and violate Section 1692e of the FDCPA;

    b.   Awarding class members statutory damages of up to $500,000 pursuant to 15 U.S.C. §1692k(a)(2)(B); and

    c.   Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3).

**Count VII – Class Action Claim for Violation of Section 1692e(2)(A)**

110.   Plaintiff incorporates the above Paragraphs and Count II as if fully set forth within this Count.

111.   Defendant violated Section 1692e(2)(A) of the FDCPA.

112.   If Defendant falsely reported any credit reporting agency that the "Date of First Delinquency" for the debts of the proposed class members took place earlier the actual date of the date of the first delinquency, Defendant's report to Equifax constitutes a "false representation of . . . the character [and] legal status of" the Subject Debt in violation of Section 1692e(2)(A) of the FDCPA.

17

113.    The Time-Barred Debt Disclosure Language constitutes a "false representation of . . . the character [and] legal status of" the Subject Debt in violation of Section 1692e(2)(A) of the FDCPA because Time-Barred Debt Disclosure Language did not disclose to the proposed class members that a partial payment could serve to restart the statute of limitations upon which to sue them if the "Date of First Delinquency" for their debt was improperly reported as taking place less than four (4) years from the date of each class members' collection letter.

114.    Defendant's violation of Section 1692e(2)(A) of the FDCPA was material because the Time-Barred Debt Disclosure Language improperly influenced Plaintiff's payment options and failed to properly explain Plaintiff's rights to him.

115.    Further, Defendant's false reporting of the "Date of First Delinquency" allowed Defendant to re-age the Subject Debt and mischaracterized the age of the Subject Debt relative to the running of the statute of limitations upon which it could sue the proposed class members for the Subject Debt.

116.    The proposed class members can be defined as:

All to residents of California [or this judicial district], who were mailed a form collection letter similar to the one sent to Plaintiff, within one year of the filing of this lawsuit, where Defendant used the Time-Barred Debt Disclosure Language and the "Date of First Delinquency" for each subject debt was falsely or inaccurately reported to any credit reporting agency by Defendant as having occurred less than four years prior to the dated identified on each class members' collection letters.

**Wherefore**, Plaintiff, BRIAN DAVIS, respectfully requests that this Honorable Court enter judgment in his favor and against Defendant as follows:

a.  Declaring that the practices complained of above are unlawful and violate Section 1692e(2)(A) of the FDCPA;

b.  Awarding class members statutory damages of up to $500,000 pursuant to 15 U.S.C. §1692k(a)(2)(B);and

c.  Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3).

**Count VIII – Class Action Claim for Violation of Section 1692e(8)**

117.    Plaintiff incorporates the above Paragraphs and Count III as if fully set forth within this Count.

118.    Defendant violated Section 1692e(8) of the FDCPA.

119.    If Defendant falsely reported any credit reporting agency that the "Date of First Delinquency" for the debts of the proposed class members took place earlier the actual date of the date of the first delinquency, Defendant's report to Equifax constitutes the communication of "credit information" that it knew or should have known "to be false" in violation of Section 1692e(8) of the FDCPA.

120.    Defendant's violation of Section 1692e(8) of the FDCPA was material because Defendant's false reporting of the "Date of First Delinquency" allowed Defendant to re-age the Subject Debt and mischaracterized the age of the Subject Debt relative to the running of the statute of limitations upon which to sue for the Subject Debt.

121.    The proposed class members can be defined as:

> All to residents of California [or this judicial district], who were mailed a form collection letter similar to the one sent to Plaintiff, within one year of the filing of this lawsuit, where Defendant used the Time-Barred Debt Disclosure Language and the "Date of First Delinquency" for each subject debt was falsely or inaccurately reported to any credit reporting agency by Defendant as having occurred less than four years prior to the dated identified on each class members' collection letters.

**Wherefore**, Plaintiff, BRIAN DAVIS, respectfully requests that this Honorable Court enter judgment in his favor and against Defendant as follows:

> a.  Declaring that the practices complained of above are unlawful and violate Section 1692e(8) of the FDCPA;
>
> b.  Awarding class members statutory damages of up to $500,000 pursuant to 15 U.S.C. §1692k(a)(2)(B); and
>
> c.  Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3).

## Count IX – Class Action Claim for Violation of Section 1692e(10)

122.   Plaintiff incorporates the above Paragraphs and Count IV as if fully set forth within this Count.

123.   Defendant violated Section 1692e(10) of the FDCPA.

124.   If Defendant falsely reported any credit reporting agency that the "Date of First Delinquency" for the debts of the proposed class members took place earlier the actual date of the date of the first delinquency, then Defendant's use of the Time-Barred Debt Disclosure Language constitutes"[t]he use of any false representation or deceptive means to collect or attempt to collect a[] debt" in violation of Section 1692e(10) of the FDCPA.

125.   The Time-Barred Debt Disclosure Language violates Section 1692e(10) of the FDCPA and constitutes a "false representation of deceptive means to collect or attempt to collect" the Subject Debt because Time-Barred Debt Disclosure Language did not disclose to the proposed class members that a partial payment could serve to restart the statute of limitations upon which to sue them if the "Date of First Delinquency" for their debt was improperly reported as taking place less than four (4) years from the date of each class members' collection letter.

126.   Defendant's violation of Section 1692e(10) of the FDCPA was material because the Time-Barred Debt Disclosure Language improperly influenced Plaintiff's payment options and failed to properly explain Plaintiff's rights to him.

127.   Further, Defendant's false reporting of the "Date of First Delinquency" allowed Defendant to re-age the Subject Debt and mischaracterized the age of the Subject Debt relative to the running of the statute of limitations upon which it could sue the proposed class members for the Subject Debt.

128.   The proposed class members can be defined as:

All to residents of California [or this judicial district], who were mailed a form collection letter similar to the one sent to Plaintiff, within one year of

20

the filing of this lawsuit, where Defendant used the Time-Barred Debt Disclosure Language and the "Date of First Delinquency" for each subject debt was falsely or inaccurately reported to any credit reporting agency by Defendant as having occurred less than four years prior to the dated identified on each class members' collection letters.

**Wherefore**, Plaintiff, BRIAN DAVIS, respectfully requests that this Honorable Court enter judgment in his favor and against Defendant as follows:

a. Declaring that the practices complained of above are unlawful and violate Section 1692e(10) of the FDCPA;

b. Awarding class members statutory damages of up to $500,000 pursuant to 15 U.S.C. §1692k(a)(2)(B); and

c. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3).

**Count X – Class Action Claim for Violation of Section 1692f**

129.    Plaintiff incorporates the above Paragraphs and Count V as if fully set forth within this Count.

130.    Defendant violated Section 1692f of the FDCPA.

131.    If Defendant falsely reported any credit reporting agency that the "Date of First Delinquency" for the debts of the proposed class members took place earlier the actual date of the date of the first delinquency, then Defendant's use of the Time-Barred Debt Disclosure Language constitutes an "unfair or unconscionable means to collect or attempt to collect" the Subject Debt in violation of Section 1692f of the FDCPA.

132.    The Time-Barred Debt Disclosure Language constitutes an "unfair or unconscionable means to collect or attempt to collect" the Subject Debt in violation of Section 1692f of the FDCPA because Time-Barred Debt Disclosure Language did not disclose to the proposed class members that a partial payment could serve to restart the statute of limitations upon which to sue them if the "Date of First Delinquency" for their debt was improperly reported as taking place less than four (4) years from the date of each class members' collection letter.

133. Defendant's violation of Section 1692f of the FDCPA was material because the Time-Barred Debt Disclosure Language improperly influenced the proposed class members' payment options and failed to properly explain their rights to them.

134. The proposed class members can be defined as:

> All to residents of California [or this judicial district], who were mailed a form collection letter similar to the one sent to Plaintiff, within one year of the filing of this lawsuit, where Defendant used the Time-Barred Debt Disclosure Language and the "Date of First Delinquency" for each subject debt was falsely or inaccurately reported to any credit reporting agency by Defendant as having occurred less than four years prior to the dated identified on each class members' collection letters.

**Wherefore**, Plaintiff, BRIAN DAVIS, respectfully requests that this Honorable Court enter judgment in his favor and against Defendant as follows:

    a. Declaring that the practices complained of above are unlawful and violate Section 1692f of the FDCPA;

    b. Awarding class members statutory damages of up to $500,000 pursuant to 15 U.S.C. §1692k(a)(2)(B); and

    c. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3).

## <u>DEMAND FOR JURY TRIAL</u>

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Date: August 20, 2019

Respectfully submitted,

By: */s/ Nicholas M. Wajda*

Nicholas M. Wajda
**WAJDA LAW GROUP, APC**
6167 Bristol Parkway
Suite 200
Culver City, California 90230
Telephone: 310-997-0471
Facsimile: 866-286-8433
E-mail: nick@wajdalawgroup.com