TOMIO B. NARITA (SBN 156576)
tnarita@snllp.com
R. TRAVIS CAMPBELL (SBN 271580)
tcampbell@snllp.com
LEANNE C. YU (SBN 290698)
lyu@snllp.com
SIMMONDS & NARITA LLP
44 Montgomery Street, Suite 3010
San Francisco, CA 94104-4816
Telephone: (415) 283-1000
Facsimile: (415) 352-2625

Attorneys for Defendant
Portfolio Recovery Associates, LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN DAVIS,<br><br>Plaintiff,<br><br>vs.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC,<br><br>Defendant. | CASE NO. 1:19-cv-01145-LJO-JLT<br><br>**DEFENDANT'S ANSWER TO COMPLAINT** |

Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC ("Defendant") hereby submits the following Answer to the Complaint filed in this action by plaintiff BRIAN DAVIS ("Plaintiff"):

1. In answering Paragraph 1 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to whether Plaintiff is a resident of Bakersfield in the State of California. Defendant admits Plaintiff purports to bring this action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. Defendant denies any wrongdoing and denies that Plaintiff is entitled to any of the relief requested by the Complaint. Except as herein admitted, the remaining allegations of Paragraph 1 are denied.

2. In answering Paragraph 2 of the Complaint, Defendant admits that it is Delaware limited liability company with a headquarter in Norfolk, Virginia. Defendant states that the phrase "authorized to conduct business in this state" is ambiguous and, on that basis, denies the allegation. Except as herein admitted, the remaining allegations of Paragraph 2 are denied.

3. In answering Paragraph 3 of the Complaint, Defendant admits that, at times, it has purchased delinquent financial obligations owed by individuals and has sought to collect those obligations. Defendant lacks knowledge or information sufficient to form a belief as to whether those financial obligations were incurred primarily for personal, family or household purposes, and on that basis, denies that it is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). Except as herein admitted, the remaining allegations of Paragraph 3 are denied.

4. In answering Paragraph 4 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to whether venue is proper in this judicial district and, on that basis, the allegations of Paragraph 4 are denied.

5. In answering Paragraph 5 of the Complaint, Defendant admits that Plaintiff defaulted on a Capital One Bank (USA), N.A. account with an account number ending in 3786 ("Account"). Defendant lacks knowledge or information

sufficient to form a belief as to the remaining allegations of this paragraphs and, on that basis, denies them. Except as herein admitted, the remaining allegations of Paragraph 5 are denied.

6. In answering Paragraph 6 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies them.

7. In answering Paragraph 7 of the Complaint, Defendant admits that it acquired the Account from Capital One Bank (USA), N.A. Except as herein admitted, the remaining allegations of Paragraph 7 are denied.

8. In answering Paragraph 8 of the Complaint, Defendant admits that it sent Plaintiff a letter dated August 16, 2018 ("August 16, 2018 Letter"), the contents of which are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 8 are denied.

9. In answering Paragraph 9 of the Complaint, Defendant avers that the contents of the August 16, 2018 Letter are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 9 are denied.

10. Denied.

11. In answering Paragraph 11 of the Complaint, Defendant avers that the contents of the August 16, 2018 Letter are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 11 are denied.

12. In answering Paragraph 12 of the Complaint, Defendant avers that the contents of the August 16, 2018 Letter are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 12 are denied.

13. In answering Paragraph 13 of the Complaint, Defendant avers that the contents of the August 16, 2018 Letter are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 13 are denied.

14. In answering Paragraph 14 of the Complaint, Defendant admits, on information and belief, that the image depicted in this paragraph appears to be an

image of part of the front side of the August 16, 2018 Letter. Except as herein admitted, the remaining allegations of Paragraph 14 are denied.

15. In answering Paragraph 15 of the Complaint, Defendant avers that the contents of the August 16, 2018 Letter are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 15 are denied.

16. In answering Paragraph 16 of the Complaint, Defendant avers that the contents of the August 16, 2018 Letter are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 16 are denied.

17. In answering Paragraph 17 of the Complaint, Defendant avers that the contents of the August 16, 2018 Letter are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 17 are denied.

18. In answering Paragraph 18 of the Complaint, Defendant avers that the contents of the August 16, 2018 Letter are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 18 are denied.

19. In answering Paragraph 19 of the Complaint, Defendant avers that the contents of the August 16, 2018 Letter are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 19 are denied.

20. In answering Paragraph 20 of the Complaint, Defendant avers that the contents of the August 16, 2018 Letter are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 20 are denied.

21. In answering Paragraph 21 of the Complaint, Defendant avers that the contents of the August 16, 2018 Letter are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 21 are denied.

22. In answering Paragraph 22 of the Complaint, Defendant avers that the contents of the August 16, 2018 Letter are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 22 are denied.

//

//

23. In answering Paragraph 23 of the Complaint, Defendant avers that the contents of the August 16, 2018 Letter are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 23 are denied.

24. In answering Paragraph 24 of the Complaint, Defendant avers that the contents of the August 16, 2018 Letter are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 24 are denied.

25. In answering Paragraph 25 of the Complaint, Defendant avers that the contents of the August 16, 2018 Letter are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 25 are denied.

26. In answering Paragraph 26 of the Complaint, Defendant admits, on information and belief, that the image depicted in this paragraph appears to be an image of part of the front side of the August 16, 2018 Letter. Except as herein admitted, the remaining allegations of Paragraph 26 are denied.

27. In answering Paragraph 27 of the Complaint, Defendant admits that, on or about September 8, 2018, it furnished information to Equifax that the unpaid Account balance was $984. Except as herein admitted, the remaining allegations of Paragraph 27 are denied.

28. In answering Paragraph 28 of the Complaint, Defendant states that the allegations in this paragraph are legal conclusions. The applicable statute of limitations is a fact-specific inquiry that depends on the claim or claims being asserted. As a result, Defendant lacks knowledge or information sufficient to form a believe as to the truth of the allegations in this paragraph and, on that basis, denies them. Except as herein admitted, the remaining allegations of Paragraph 28 are denied.

29. Denied.

30. Denied.

31. Denied.

//

32. In answering Paragraph 32 of the Complaint, Defendant avers that the contents of the August 16, 2018 Letter are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 32 are denied.

33. Denied.

34. Denied.

35. In answering Paragraph 35 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies them.

36. In answering Paragraph 36 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies them.

37. In answering Paragraph 37 of the Complaint, Defendant admits that it furnished to Equifax that Defendant opened the Account on October 21, 2016. Except as herein admitted, the remaining allegations of Paragraph 37 are denied.

38. In answering Paragraph 38 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies them.

39. In answering Paragraph 39 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies them.

40. Denied.

41. In answering Paragraph 41 of the Complaint, Defendant admits that it furnished information to Equifax indicating that the "Creditor Classification" for the Account is "BANKING." Except as herein admitted, the remaining allegations of Paragraph 41 are denied.

42. In answering Paragraph 42 of the Complaint, Defendant admits that it furnished information to Equifax indicating that the "Creditor Classification" for the Account is "BANKING." Defendant lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations in this paragraph and, on that basis, denies them. Except as herein admitted, the remaining allegations of Paragraph 42 are denied.

43. Denied.

44. Denied.

45. In answering Paragraph 45 of the Complaint, Defendant states that the allegations in this paragraph are nothing more than hypothetical speculation and legal conclusions. Defendant lacks knowledge or information sufficient to form a believe as to what, if any, facts inform the basis of Plaintiff's speculation and, on that basis, denies the allegations in this paragraph.

46. In answering Paragraph 46 of the Complaint, Defendant states that the allegations in this paragraph are nothing more than hypothetical speculation and legal conclusions. Defendant lacks knowledge or information sufficient to form a believe as to what, if any, facts inform the basis of Plaintiff's speculation and, on that basis, denies the allegations in this paragraph.

47. Denied.

48. Denied.

49. In answering Paragraph 49 of the Complaint, Defendant states that the allegations in this paragraph are nothing more than hypothetical speculation and legal conclusions. Defendant denies that the August 16, 2018 Letter violated any provision of the FDCPA. Except as herein admitted, the remaining allegations of Paragraph 49 are denied.

50. In answering Paragraph 50 of the Complaint, Defendant avers that the contents of the August 16, 2018 Letter are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 50 are denied.

51. In answering Paragraph51 of the Complaint, Defendant states that the allegations in this paragraph are nothing more than hypothetical speculation and legal conclusions. Defendant denies that the August 16, 2018 Letter violated any

provision of the FDCPA. Except as herein admitted, the remaining allegations of Paragraph 51 are denied.

52. In answering Paragraph 52 of the Complaint, Defendant states that the allegations in this paragraph are nothing more than hypothetical speculation and legal conclusions. Defendant denies that the August 16, 2018 Letter violated any provision of the FDCPA. Except as herein admitted, the remaining allegations of Paragraph 52 are denied.

53. In answering Paragraph 53 of the Complaint, Defendant states that the allegations in this paragraph are nothing more than hypothetical speculation and legal conclusions. Defendant denies that the August 16, 2018 Letter violated any provision of the FDCPA. Except as herein admitted, the remaining allegations of Paragraph 53 are denied.

54. In answering Paragraph 54 of the Complaint, Defendant states that the allegations in this paragraph are nothing more than hypothetical speculation and legal conclusions. Defendant denies that the August 16, 2018 Letter violated any provision of the FDCPA. Except as herein admitted, the remaining allegations of Paragraph 54 are denied.

55. Denied.

56. In answering Paragraph 56 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies them.

57. In answering Paragraph 57 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies them.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. In answering Paragraph 62 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies them.

63. Denied.

64. Denied.

65. Denied.

66. Defendant incorporates by reference Paragraphs 1 through 65 of this Answer as if fully stated herein.

67. Denied.

68. Denied.

69. Denied.

70. Defendant denies the allegations in this paragraphs and denies that Plaintiff is entitled to any relief requested.

71. Defendant incorporates by reference Paragraphs 1 through 70 of this Answer as if fully stated herein.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Defendant denies the allegations in this paragraphs and denies that Plaintiff is entitled to any relief requested.

77. Defendant incorporates by reference Paragraphs 1 through 76 of this Answer as if fully stated herein.

78. Denied.

79. Denied.

80. Defendant denies the allegations in this paragraphs and denies that Plaintiff is entitled to any relief requested.

81. Defendant incorporates by reference Paragraphs 1 through 80 of this

Answer as if fully stated herein.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Defendant denies the allegations in this paragraphs and denies that Plaintiff is entitled to any relief requested.

87. Defendant incorporates by reference Paragraphs 1 through 86 of this Answer as if fully stated herein.

88. Denied.

89. Denied.

90. Denied.

91. Defendant denies the allegations in this paragraphs and denies that Plaintiff is entitled to any relief requested.

92. Denied.

93. Defendant denies that there is any legitimate basis under Rule 23 of the Federal Rules of Civil Procedure to certify a class in this case, and therefore denies the allegations of Paragraph 93 of the Complaint.

94. Defendant denies that there is any legitimate basis under Rule 23 of the Federal Rules of Civil Procedure to certify a class in this case, and therefore denies the allegations of Paragraph 94 of the Complaint.

95. Defendant denies that there is any legitimate basis under Rule 23 of the Federal Rules of Civil Procedure to certify a class in this case, and therefore denies the allegations of Paragraph 95 of the Complaint.

96. Denied.

97. Defendant denies that there is any legitimate basis under Rule 23 of the Federal Rules of Civil Procedure to certify a class in this case, and therefore denies the allegations of Paragraph 97 of the Complaint.

98. Defendant denies that there is any legitimate basis under Rule 23 of the Federal Rules of Civil Procedure to certify a class in this case, and therefore denies the allegations of Paragraph 98 of the Complaint.

99. Defendant denies that there is any legitimate basis under Rule 23 of the Federal Rules of Civil Procedure to certify a class in this case, and therefore denies the allegations of Paragraph 99 of the Complaint.

100. Defendant denies that there is any legitimate basis under Rule 23 of the Federal Rules of Civil Procedure to certify a class in this case, and therefore denies the allegations of Paragraph 100 of the Complaint.

101. Defendant denies that there is any legitimate basis under Rule 23 of the Federal Rules of Civil Procedure to certify a class in this case, and therefore denies the allegations of Paragraph 101 of the Complaint.

102. Defendant denies that there is any legitimate basis under Rule 23 of the Federal Rules of Civil Procedure to certify a class in this case, and therefore denies the allegations of Paragraph 102 of the Complaint.

103. Defendant denies that there is any legitimate basis under Rule 23 of the Federal Rules of Civil Procedure to certify a class in this case, and therefore denies the allegations of Paragraph 103 of the Complaint.

104. Defendant denies that there is any legitimate basis under Rule 23 of the Federal Rules of Civil Procedure to certify a class in this case, and therefore denies the allegations of Paragraph 104 of the Complaint.

105. Defendant incorporates by reference Paragraphs 1 through 104 of this Answer as if fully stated herein.

106. Denied.

107. Denied.

108. Denied.

109. In answering Paragraph 109 of the Complaint, Defendant denies any wrongdoing and denies that Plaintiff is entitled to any of the relief requested by the

Complaint. Defendant further denies that there is any legitimate basis under Rule 23 of the Federal Rules of Civil Procedure to certify a class in this case, and therefore denies the allegations of Paragraph 109 of the Complaint.

110. Defendant incorporates by reference Paragraphs 1 through 109 of this Answer as if fully stated herein.

111. Denied.

112. Denied.

113. Denied.

114. Denied.

115. Denied.

116. In answering Paragraph 116 of the Complaint, Defendant denies any wrongdoing and denies that Plaintiff is entitled to any of the relief requested by the Complaint. Defendant further denies that there is any legitimate basis under Rule 23 of the Federal Rules of Civil Procedure to certify a class in this case, and therefore denies the allegations of Paragraph 116 of the Complaint.

117. Defendant incorporates by reference Paragraphs 1 through 116 of this Answer as if fully stated herein.

118. Denied.

119. Denied.

120. Denied.

121. In answering Paragraph 121 of the Complaint, Defendant denies any wrongdoing and denies that Plaintiff is entitled to any of the relief requested by the Complaint. Defendant further denies that there is any legitimate basis under Rule 23 of the Federal Rules of Civil Procedure to certify a class in this case, and therefore denies the allegations of Paragraph 121 of the Complaint.

122. Defendant incorporates by reference Paragraphs 1 through 121 of this Answer as if fully stated herein.

123. Denied.

124. Denied.

125. Denied.

126. Denied.

127. Denied.

128. In answering Paragraph 128 of the Complaint, Defendant denies any wrongdoing and denies that Plaintiff is entitled to any of the relief requested by the Complaint. Defendant further denies that there is any legitimate basis under Rule 23 of the Federal Rules of Civil Procedure to certify a class in this case, and therefore denies the allegations of Paragraph 128 of the Complaint.

129. Defendant incorporates by reference Paragraphs 1 through 128 of this Answer as if fully stated herein.

130. Denied.

131. Denied.

132. Denied.

133. Denied.

134. In answering Paragraph 134 of the Complaint, Defendant denies any wrongdoing and denies that Plaintiff is entitled to any of the relief requested by the Complaint. Defendant further denies that there is any legitimate basis under Rule 23 of the Federal Rules of Civil Procedure to certify a class in this case, and therefore denies the allegations of Paragraph 134 of the Complaint.

Except as expressly admitted above, Defendant denies each and every allegation of the Complaint.

## AFFIRMATIVE DEFENSES

As and for separate affirmative defenses to the Complaint, Defendant alleges as follows:

//

//

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

The allegations of the Complaint fail to state a claim against Defendant upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

**(Standing)**

Plaintiff has not suffered any injury in fact as a result of Defendant's alleged conduct and therefore lacks standing to assert the claims alleged in the Complaint.

**THIRD AFFIRMATIVE DEFENSE**

**(Bona Fide Error)**

To the extent that any violation of law occurred, which Defendant expressly denies, said violation was not intentional and resulted from a bona fide error notwithstanding the maintenance by Defendant of procedures reasonably adapted to avoid any such error.

**FOURTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations/Laches)**

Some or all of the claims asserted against Defendant is barred in whole or in part by the applicable statutes of limitations, including the one-year statute of limitations for violations of the FDCPA and/or the equitable doctrine of laches.

**FIFTH AFFIRMATIVE DEFENSE**

**(No Wilful Conduct)**

To the extent that a trier of fact or this Court determines that the conduct of the Defendant violates the FDCPA, which the Defendant expressly denies, the Defendant acted in good faith at all times in its dealings with Plaintiff and the

members of the purported members of the class, and if any conduct by Defendant is found to be unlawful, such conduct was not willful or intentional and should not give rise to liability for any statutory damages under section 1692k of the FDCPA. *See, e.g., Jerman v. Carlisle, et al.*, 2011 WL 1434679 (N.D. Ohio April 14, 2011).

**SIXTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

The allegations in the Complaint and relief requested are, on information and belief, barred in whole or in part by the doctrine of unclean hands.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Supervening Cause)**

The claims in the Complaint are barred, in whole or in part, to the extent that any injury or loss sustained was caused by intervening or supervening events over which Defendant had or has no control.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Good Faith)**

Defendant has, at all material times with respect to Plaintiff, acted in good faith in an effort to comply fully with all relevant federal and state laws.

**NINTH AFFIRMATIVE DEFENSE**

**(Materiality)**

To the extent that any of the communications by Defendant are deemed to be false or misleading, which Defendant expressly denies, they were not materially false or misleading and therefore are not actionable under the FDCPA.

//

//

**TENTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

Plaintiff, although under a legal obligation to do so, has failed to take reasonable steps to mitigate any alleged damages that he may have and is therefore barred from recovering damages, if any, from Defendant.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Setoff)**

To the extent that Plaintiff has suffered any damage as a result of any alleged act or omission of Defendant, which Defendant denies, Defendant is, on information and belief, entitled to a setoff in the amount Plaintiff owes on his unpaid account, including any recoverable interest and attorneys' fees.

WHEREFORE, Defendant requests judgment as follows:

1. That Plaintiff take nothing by the Complaint, which should be dismissed with prejudice.
2. That Defendant recover from Plaintiff costs according to proof.
3. That Defendant recover attorneys' fees according to proof.
4. That the Court orders such other further reasonable relief as the Court may deem just and proper.

DATED: October 7, 2019

SIMMONDS & NARITA LLP
TOMIO B. NARITA
R. TRAVIS CAMPBELL
LEANNE C. YU

By: s/Leanne C. Yu
Leanne C. Yu
Attorneys for Defendant
Portfolio Recovery Associates, LLC